UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HOMERUN PRODUCTS, LLC<br><br>Plaintiff,<br>v.<br>TWIN TOWERS TRADING, INC.,<br>Defendant. | Case No. 2:18-cv-00794-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Memorandum in Support of Request for Attorney's Fees (ECF No. 94), filed on March 27,2019. Defendant filed its Opposition (ECF No. 102) on April 10, 2019. No reply has been filed.

## **BACKGROUND**

This case arises from proprietary dispute between the parties. Specifically, the Complaint (ECF No. 1) alleges claims for breach of contract, misappropriation of trade secrets, fraudulent inducement, deceit, and interference with prospective advantage. *Id.* at ¶¶ 42-102. On January 31, 2019 Plaintiff filed its Motion to Compel Discovery. *See* ECF No. 72. On February 14, 2019 Defendant filed its Opposition and on February 21, 2019, Plaintiff filed its Reply (ECF No. 83). The Court conducted a hearing on March 4, 2019. The Court issued its Order, granting in part, and denying, in part, Plaintiff's Motion to Compel. *See* ECF No. 92. The Court denied Plaintiff's request as to Interrogatory No. 13, and in regard to the requests for production of documents not specifically identified in the motion to compel. However, the Court awarded Plaintiff reasonable costs and attorney's fees incurred in preparing and filing her motion. *Id.* The Court instructed Plaintiff to file its application for attorney's fees by March 27, 2019 with Defendant's response due April 10, 2019.

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests attorney's fees in the amount of $10,902.00[1] for work performed in preparing its motion to strike. The amount is based on work performed by Kip M. Kaler, Esq., at an hourly rate of $300.00 and Asa Burck, Esq., at an hourly rate of $180.00. Plaintiff also submits local counsel's itemized billing based on work performed by Patricia Lee, Esq., at $360.00. Defendant argues Plaintiff's request for fees should be limited because its fees were excessive and duplicative.

After reviewing Plaintiff's counsel's affidavit, the Court finds that Plaintiff's counsel has provided sufficient evidence showing that their hourly rate is reasonable. However, after reviewing its itemized billing entries, the Court finds that the 41.1 hours of attorney labor is excessive. The Court finds that the hours involved in preparing Plaintiff's motion to strike and for

---

[1] Kaler Doeling, PLLP requests $9,132.00. Local counsel, Hutchinson & Steffen requests $1,770.00. Totaling $10,902.00.

2

labor related to such motion should take no more than 28.4 hours of attorney labor. As a result, the Court will award reasonable attorney's fees to Plaintiff in the amount of $7,824.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendant must pay the amount of $$7,824.00 to Plaintiff by no later than **June 7, 2019** unless an objection is filed.

DATED this 7th day of May, 2019.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge